UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN MELENDEZ, on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>J&B INVESTMENTS, INC., *et al.*,<br><br>Defendants. | Case No. 5:18-cv-01062-AB (KSx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT** |

Plaintiff Christian Melendez ("Plaintiff") filed a Complaint in Riverside County Superior Court on April 5, 2018. Dkt. No. 1-2. The Complaint alleges that Defendants J&B Investments, Inc. ("J&B") and Gypsum Management and Supply, Inc. ("GMS") (collectively, "Defendants") violated various California labor laws. *Id.* On May 17, 2018, Defendants removed the case to this Court. *See* Notice of Removal (Dkt. No. 1). Defendants then filed a motion to dismiss or strike the Complaint on May 24, 2018. Dkt. No. 10. Plaintiff has opposed that motion, and Defendants filed a reply. Dkt. Nos. 16, 25. On June 18, 2018, Plaintiff filed a motion to remand. Dkt. No. 15. Defendants opposed the motion, and Plaintiff filed a reply. Dkt. Nos. 19, 26. The Court heard oral arguments regarding the motions on August 3, 2018. For the following reasons, the Court **GRANTS** Plaintiff's motion to remand and **DENIES** Defendants' motion to dismiss or strike as moot.

## I. BACKGROUND

J&B is a California corporation with a principal place of business in San Diego, California. Compl., ¶ 7. J&B transports and delivers building materials throughout California from its six regional centers around the state. Compl., ¶ 10. GMS is a national company incorporated in Georgia with a principal place of business in Georgia. Compl., ¶ 6. GMS purchased J&B in March 2015, and J&B became a subsidiary of GMS. Compl., ¶ 11.

Plaintiff began working for J&B as a truck driver in July 2013. Compl., ¶ 5. According to Plaintiff, Defendants required him to work ten hour shifts without meal or rest breaks. Compl., ¶¶ 15, 16. Defendants kept drivers so busy with deliveries that they could not take breaks and instead had to work through them. Compl., ¶ 16. Plaintiff alleges that, instead of implementing policies to allow employees to take meal and rest breaks, Defendants altered time sheets to show that employees took meal and rest breaks that did not actually occur. Compl., ¶ 19.

Based on these allegations, Plaintiff filed his Complaint in Riverside County Superior Court on April 5, 2018. The Complaint asserts six causes of action: failure to provide meal breaks, failure to permit rest breaks, failure to pay minimum wage, failure to provide accurate itemized wage statements, failure to pay compensation due upon separation of employment, and unfair competition under California Business and Professions Code section 17200. Plaintiff brings these claims on behalf of a putative class. Compl., ¶ 1. The Complaint defines the putative class as "[a]ll current or former employees of Defendants who worked as non-exempt Hourly Employees in California from the four years prior to the filing of this Complaint through the date of class certification." Compl., ¶ 22. "Hourly Employees" refers to "[t]he truck drivers, yard workers, and stockers employed by J&B during the Class Period . . . ." Compl., ¶ 10.

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal court when

the federal district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987).

Pursuant to the Class Action Fairness Act ("CAFA"), federal district courts have original jurisdiction over certain class actions. 28 U.S.C. § 1332(d)(2). In order to remove a case under CAFA, the defendant must establish that (1) the parties are minimally diverse, (2) the proposed class has more than 100 members, and (3) the total amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020–21 (9th Cir. 2007).

### III. DISCUSSION

Plaintiff argues that this action should be remanded to Riverside County Superior Court for two reasons. First, he claims Defendants failed to satisfy CAFA's jurisdictional requirements. Second, he contends that, even if Defendants did establish the CAFA requirements, the local controversy exception deprives the Court of jurisdiction.

**A. CAFA Requirements**

As noted above, CAFA jurisdiction requires minimal diversity, a class of over 100 members, and an aggregate amount in controversy over $5 million. *Serrano*, 478 F.3d at 1020–21. The parties do not dispute that minimal diversity exists between them. Thus, the Court must determine whether Defendants have satisfied the numerosity and amount in controversy requirements.

**1. Numerosity**

Defendants have established that Plaintiff's proposed class exceeds 100 members. Plaintiff seeks to represent a class of "[a]ll current or former employees of Defendants who worked as non-exempt Hourly Employees in California from the four years prior to the filing of this Complaint through the date of class certification." Compl., ¶ 22. The Complaint specifically states that "during the Class Period,

Defendants employed several hundred Hourly Employees throughout California." Compl., ¶ 12. Thus, the allegations of the Complaint itself satisfy CAFA's numerosity requirement.

### 2. Amount in Controversy

Defendants have not, however, established that the amount in controversy exceeds $5 million. In assessing the amount in controversy, courts first look to the allegations in the complaint. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Courts can accept a plaintiff's good faith allegation of the amount in controversy. *Id*. But if the defendant believes that the plaintiff's requested damages understate the amount in controversy, it "bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million . . . ." *Id*. The defendant then must "submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quotations omitted). "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture." *Ibarra*, 775 F.3d at 1197.

Here, the Complaint states that "[t]he aggregate amount in controversy for the putative class is not expected to meet or exceed $5,000,000." Compl., ¶ 4. Defendants, however, dispute Plaintiff's characterization of the amount in controversy. In support of their argument that CAFA jurisdiction applies, they submitted a declaration that they claim demonstrates that the amount in controversy does exceed $5 million. *See* Decl. Dale Hansen (Dkt. No. 1-7). According to Defendants, the declaration shows that Plaintiff's allegations place $6,166,588.15 in controversy. Defendants break down their calculation as follows:

| Claim | Amount in Controversy |
|---|---|
| Unpaid Meal Period Premiums | $1,662,867.90 |

4.

| Unpaid Rest Break Premiums | $1,680,844.06 |
| --- | --- |
| Minimum Wage Damages | $912,420 |
| Minimum Wage Penalties | $812,450 |
| Inaccurate Wage Statements | $326,850 |
| Waiting Time Penalties | $620,751.60 |
| Attorneys' Fees | $150,404.59 |
| Total | $6,166,588.15 |

Notice of Removal, at pp. 16, 22.

Plaintiff takes issue with multiple aspects of these calculations, but the most critical deficiency Plaintiff identifies is Defendants' inclusion of all non-exempt, hourly employees in determining the amount in controversy. Plaintiff seeks to represent a class of "[a]ll current or former employees of Defendants who worked as non-exempt Hourly Employees in California . . . ." Compl., ¶ 22. The Complaint further defines "Hourly Employees" as "truck drivers, yard workers, and stockers . . . ." Compl., ¶ 10. But, despite the Complaint's specific definition of "Hourly Employees," Defendants did not limit their calculations to employees who worked as truck drivers, yard workers, or stockers. Instead, they included all hourly, non-exempt employees in their calculations. *See* Hansen Decl., ¶ 13 ("Defendants pulled personnel data from the software for all of its hourly, non-exempt employees . . . .").

Defendants' use of all hourly, non-exempt employees—rather than only those who worked as truck drivers, stockers, or yard workers—prevents the Court from adopting their calculations. By including employees who are not putative class members, Defendants calculated the amount in controversy using a broader class definition than the one Plaintiff asserts. In so doing, Defendants likely inflated the amount in controversy. *See Miller v. A-1 Express Delivery Servs., Inc.*, No. 16-cv-06251-WHO, 2017 WL 462406, at *5 (N.D. Cal. Feb. 3, 2017) (remanding a case due

5.

to the defendant's failure to establish the amount in controversy where the defendant "based its amount in controversy calculations on an incorrect class definition"). And because Defendants have not provided any evidence about what portion of their hourly employees worked as truck drivers, yard workers, or stockers, the Court has no way to discern the extent to which Defendants overstated the amount in controversy. Thus, "[t]he uncertainty regarding the number of putative class members affects the entirety of the amount in controversy calculations." *Id*.

Defendants argue that they can use all hourly employees to establish CAFA jurisdiction because "Plaintiff did not use actual position titles" in defining his class. Opp'n, at p. 5. Essentially, Defendants contend that Plaintiff's class definition is so vague that they cannot narrow their calculations to proposed class members. But the Complaint specifies what "truck drivers, yard workers, and stockers" do. It explains that "yard workers load the building materials purchased by the client into J&B's trucks" and that "[t]ruck drivers, along with the stockers, then transport the building materials to the client's facility/residence, where the truck drivers and stockers unload and deliver the building materials to the client." Compl., ¶ 10. Defendants have provided no evidence that they attempted to limit their calculations to employees with those job duties. If Defendants really could not have excluded any hourly employees from the class based on the class definition, then they should have provided evidence to that effect. Instead, the sole piece of evidence on which Defendants' notice of removal relies, Dale Hansen's declaration, does not even mention truck drivers, yard workers, or stockers. The only evidence in front of the Court therefore reveals no effort by Defendants to adhere to the Complaint's class definition.

In a footnote, Defendants also argue that their use of all hourly employees is reliable because truck drivers, stockers, and yard workers perform "the core functions" of their business. Opp'n, at p. 6 n.4. Defendants again present no evidence in support of this proposition, but even if it were true, Defendants' calculations still likely overestimate the amount in controversy. Even if employees in Plaintiff's

6.

putative class comprise the core of Defendants' operations, Defendants still might employ various other hourly, non-exempt employees. Without any indication of how many of those employees exist, the Court would have to rely on "speculation and conjecture" to adopt Defendants' calculations. *Ibarra*, 775 F.3d at 1197. It cannot do so.

Essentially all of Defendants' amount in controversy calculations depend on the number of employees included in the putative class. *See* Notice of Removal, at ¶¶ 36, 41, 44, 48, 51, 54. The Court therefore cannot rely on any of those calculations, and Defendants have failed to carry their burden of establishing that the amount in controversy exceeds $5 million. Accordingly, CAFA does not provide the Court with subject matter jurisdiction over this case.

**B. Local Controversy Exception**

Plaintiff argues that the Court also lacks jurisdiction under CAFA's "local controversy" exception. Even if a putative class action meets the CAFA requirements, a district court must decline to exercise jurisdiction over certain local controversies. 28 U.S.C. § 1332(d)(4); *Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1013 (9th Cir. 2011). The local controversy exception precludes federal jurisdiction

> (A)(i) over a class action in which--
>
> > (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> >
> > (II) at least 1 defendant is a defendant--
> >
> > > (aa) from whom significant relief is sought by members of the plaintiff class;
> > >
> > > (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> > >
> > > (cc) who is a citizen of the State in which the action was originally

     filed; and

  (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

 (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.]

28 U.S.C. § 1332(d)(4)(A). The local controversy exception is "narrow," and the plaintiff has the burden of establishing that it applies. *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1116 (9th Cir. 2015). However, the plaintiff's burden is not necessarily an evidentiary one. In determining whether the class seeks significant relief from a local defendant or whether a local defendant's conduct forms a significant basis for the class's claims, "the district court is to look to the complaint rather than to extrinsic evidence." *Coleman*, 631 F.3d at 1016.

  The parties do not dispute that more than two-thirds of putative class members are California citizens, that the principal alleged injuries occurred in California, and that Defendants have not been sued based on similar factual allegations in the past three years. Defendants also do not dispute that J&B is a citizen of California. The parties' disagreement centers on whether Plaintiff can satisfy subsection (A)(i)(II) by establishing (1) that the class seeks significant relief from J&B and (2) that J&B's conduct forms a significant basis for the class's claims.

    **1. Significant Relief**

  In determining whether a plaintiff seeks significant relief from a local defendant, courts look to the remedies the plaintiff requests. *Benko*, 789 F.3d at 1119. In so doing, they compare the allegations against the local defendant to those against other defendants. *Id*. at 1118. A plaintiff need not seek all or even most of its total relief from the local defendant to satisfy the significant relief requirement. *See id*. at

1119 (holding that the plaintiff sought significant relief from a local defendant that "was allegedly responsible for between 15–20% of the wrongs alleged by the entire class"). Where a class seeks both damages and injunctive relief from a local defendant, courts are particularly likely to find the significant relief requirement satisfied. *See Coleman*, 631 F.3d at 1020 (holding that a complaint sought sufficient relief from a local defendant where it sought injunctive relief against that defendant); *Tarrow v. R.J. Reynolds Tobacco Co.*, No. SACV 17–01568 CJC (KESx), 2017 WL 5135547, at *4 (C.D. Cal. Nov. 3, 2017) ("A complaint that seeks injunctive relief against individual defendants also weighs in favor of finding that plaintiffs have sufficiently alleged they seek 'significant relief' from a local defendant.").

Here, Plaintiff seeks significant relief from J&B, the California corporation. Plaintiff's class allegations include conduct beginning in April 2014, four years before Plaintiff filed his Complaint. Compl., ¶ 22. GMS did not acquire J&B until March 2015. Compl., ¶ 11. Thus, J&B was solely responsible for the alleged labor violations that occurred during the first 11 months of the relevant period. Moreover, the Complaint asserts that J&B, along with GMS, continued to employ Plaintiff after the acquisition. Compl., ¶ 12. Plaintiff seeks multiple forms of damages from J&B, including unpaid wages and waiting time penalties. Plaintiff also pursues injunctive and declaratory relief claims against both Defendants. Because the Complaint requests damages, declaratory relief, and injunctive relief from J&B, Plaintiff seeks significant relief from a local defendant.

Defendants argue that Plaintiff has failed to show that he seeks significant relief from J&B because the Complaint "asserts a theory of joint and several liability . . . [which] cannot serve as a basis for applying the local controversy exception." Opp'n, at p. 24. But cases in the Ninth Circuit have rejected this very argument. In the Ninth Circuit, a plaintiff does not need to "specify the division of damages between defendants" to satisfy the significant relief requirement. *Allen v. Boeing Co.*, 821 F.3d 1111, 1119 (9th Cir. 2016). Rather, a plaintiff who pursues relief equally from a local

defendant and an out-of-state defendant seeks significant relief from the local defendant. *See id.*; *Coleman*, 631 F.3d at 1013, 1020 (holding that the plaintiff satisfied the significant relief element where he sought damages equally from a local defendant and a non-local defendant); *Tarrow*, 2017 WL 5135547, at *4 (holding that the plaintiff sought significant relief from the local defendants where his complaint requested "both monetary damages and injunctive relief from all five Defendants joint and severally"). Plaintiff's pursuit of relief from both Defendants therefore does not preclude him from establishing that he seeks significant relief from J&B.

Defendants also contend that "Plaintiff is barred from seeking relief from J&B with respect to at least half of his claims [because] J&B sold 100% of its assets in March 2015, leaving J&B with no further operations." Opp'n, at p. 24. The Complaint, however, provides no basis for Defendants' argument. While the Complaint does state that J&B became a subsidiary of GMS in March 2015, it does not allege that J&B ceased operations at the time of that purchase. Compl., ¶ 11. To the contrary, the Complaint frames its allegations against J&B in the present tense. *See* Compl., ¶ 7 ("[J&B] transacts millions of dollars per year of business in California"); ¶ 10 ("J&B transports and delivers building materials, . . . has at least six (6) regional centers in California . . ., [and] employs various non-exempt hourly employees."). Defendants essentially assert a factual argument that J&B has ceased operating, but, because that argument contradicts the Complaint, it must be disregarded at this stage.[1] The Court therefore finds that Plaintiff's putative class seeks significant relief from J&B, a local defendant.

///

---

[1] Defendants' factual argument that J&B no longer has operations underscores why the Ninth Circuit in *Coleman* decided that courts must look only to the complaint in assessing the significant relief prong. While Defendants claim J&B no longer operates, Plaintiff asserts his own evidence that J&B is, in fact, operational. *See* Decl. Jordan Esensten, ¶ 4, Ex. 4 (Dkt. No. 15-2). Weighing the parties' competing evidence would force the Court to engage in a "mini-trial" about the local controversy exception—something it is not required to do. *Coleman*, 631 F.3d at 1017.

### 2. Significant Basis

In determining whether a local defendant's conduct forms a significant basis for the class's claims, courts again compare the allegations against the local defendant to those against non-local defendants. *Benko*, 789 F.3d at 1118. Joint allegations against a local and non-local defendant can establish that the local defendant's conduct formed a significant basis of the class's claims. *See Coleman*, 631 F.3d at 1013, 1020 (affirming the trial court's remand order under the local controversy exception where the complaint referred to a California corporation and its Virginia parent corporation as "Defendants" throughout). This is particularly true where some allegations in the complaint specify conduct committed by the local defendant in particular. *See Allen*, 821 F.3d at 1121 (holding that a local defendant's conduct formed a significant basis for the class's claims where it independently failed to investigate and remediate pollution); *Tarrow*, 2017 WL 5135549, at *4 (finding the significant basis prong satisfied where the complaint alleged that the local defendants "created the policies and practices that gave rise to the alleged violations of the California Labor Code . . .").

In *Coleman*, the plaintiff began working as a delivery driver for a California corporation called G.I. Trucking in 2004. 631 F.3d at 1012. In 2005, a Virginia corporation, Estes Express, purchased G.I. Trucking and changed its name to Estes West. *Id*. Plaintiff sued both Estes West and Estes Express for wage and hour violations on behalf of a class. *Id*. The complaint stated that "each and all of the acts and omissions alleged herein [were] performed by, or [are] attributable to" Estes Express and Estes West. *Id*. at 1013. The rest of the complaint referred to Estes West and Estes Express as "Defendants" and did not separate the actions alleged against each defendant. *Id*. After the defendants removed to federal court, the plaintiff moved to remand the case based on the local controversy exception. *Id*. The district court granted the motion, and the Ninth Circuit affirmed. *Id*. at 1021. The court held that the allegations against Estes West, the local defendant, formed a significant basis

of the plaintiff's claims. *Id*. at 1020. That the plaintiff's complaint asserted the same claims against Estes Express did not render the allegations against Estes West insignificant. *Id*.

Like in *Coleman*, Plaintiff has asserted wage and hour claims against his California employer, along with its non-California parent corporation. And, also like in *Coleman*, Plaintiff refers to J&B and GMS together as "Defendants" throughout most of his Complaint. Plaintiff alleges that J&B, as one of the two Defendants, committed essentially all of the wage and hour violations about which he complains. J&B's conduct therefore forms a significant basis of the putative class's claims.

Defendants fault Plaintiff for referring to Defendants collectively in the Complaint and argue that Plaintiff cannot satisfy the significant basis requirement without leveling specific allegations at J&B. But the collective allegations Defendants call unsatisfactory are the same as those the Ninth Circuit found sufficient in *Coleman*. And, in any case, the Complaint does allege conduct specific to J&B. As explained above, Plaintiff's allegations address conduct as early as April 2014. For the period between April 2014 and GMS's acquisition of J&B in March 2015, Plaintiff's only employer mentioned in the Complaint was J&B. Thus, taking Plaintiff's allegations as true, J&B initiated the conduct about which Plaintiff complains. Plaintiff therefore has satisfied the local controversy exception's significant basis requirement.

Because Plaintiff has satisfied the significant relief and significant basis requirements, Plaintiff has met his burden of establishing that the local controversy exception applies. The Court must remand this case.

/ / /

/ / /

/ / /

/ / /

/ / /

12.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand. The matter is remanded to Riverside County Superior Court. Because the Court lacks subject matter jurisdiction, the Court **DENIES** Defendants' motion to dismiss or strike as moot.

**IT IS SO ORDERED.**

Dated: August 07, 2018

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE